UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA – ALEXANDRIA DIVISION

FILED DEC 15 2020 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

| | |
|---|---|
| VICTORIA COLLINS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FAIRFAX COUNTY PUBLIC SCHOOLS,<br><br>　　　　Defendant. | CASE NO.: 1:20-cv-1538 LMB/MSN<br><br>CIVIL ACTION<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>(1) EQUAL EMPLOYMENET OPPORTUNITY ACT - TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (42:2000E)<br><br>[JURY TRIAL DEMANDED] |

## I. PARTIES TO THIS COMPLAINT

PLAINTIFF:
Victoria Collins
*Pro Se Counsel*
5583 Harrington Falls Lane
Unit 1276
Alexandria, VA 22312
Telephone: (703) 579-7299
Email: victoria.collins83@gmail.com

DEFENDANT:
Fairfax County Public Schools
8115 Gatehouse Road
Falls Church, VA 22042
Telephone: (571) 423-1250
Facsimile: (571) 423-1257
Email: edkennedy@fcps.edu

1. Plaintiff Victoria Collins is of African American and Latin descent. The plaintiff worked for the employer as a special education teacher from August 2010 to June 2015 and left in good standing before returning to the employer, Fairfax County Public Schools on August 30, 2018.

2. The Defendant is a public school system located in Fairfax County, Virginia. Most of the events alleged herein occurred while the Plaintiff was employed by the school system in teaching roles and in the Office of Talent and Acquisition Management working with the substitute employment office.

3. At all times relevant herein, Defendant Fairfax County had at least fifteen employees, and was therefore an "employer" within the meaning of Title VII.

4.     Plaintiff alleges that at all times relevant herein, the Defendant was responsible for the occurrences and injuries alleged in this complaint.

## II.   BASIS OF JURISDICTION

5. This Court has jurisdiction of Plaintiffs' federal law claims pursuant to the equal employment opportunity act – Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. 2000E to 2000E-17 as this case involves questions of federal law.

## III.   STATEMENT OF CLAIMS

6. The plaintiff, Victoria Collins, alleges that the defendant, Fairfax County Public Schools, engaged in consistent retaliation and discrimination following the Equal Employment Opportunity Commission (EEOC) issuing a dismissal and right to sue notice regarding a prior charge of gender based harassment, discrimination based on the charging parties racial background (African American/Latina) and retaliation during the charging parties employment at Fairfax County Public Schools beginning August 30, 2018 to present.

7. The plaintiff previously worked for this employer for five years from August 2010 to June 2015 and left in June 2015 in good standing before returning to the employer on August 30, 2018.

8. The plaintiff and the defendant agreed to a mediation regarding the prior charge on June 10, 2019.  At this time, the defendant offered the plaintiff a one year only job in the temporary assignment in which she was placed after being transferred from the classroom environment in February 2019 where she was consistently the recipient of retaliation, gender based harassment and discrimination.  The plaintiff declined the offer during mediation in part due to the fact that the plaintiff had witnessed significant evidence that the organization and its leadership were discriminatory and condoned

harassment of its minority employees, including the plaintiff. As a point of reference, the plaintiff informed the school superintendent and relevant parties of the school board of the many infractions and violations taking place against her person and only after the situation had grossly deteriorated was the plaintiff transferred out of the harmful setting.

9. However, it is extremely important to note that the leadership of the organization, however, did in fact remove the plaintiff's Caucasian female co-worker in a much more expedient manner which serves as a poignant example of the organization's ability to retaliate, discriminate and disregard violations against its minority employees without ramification.

10. The plaintiff and the defendant did not reach an agreement during mediation on June 10, 2019. Therefore, the defendant was to dismiss the plaintiff for what they termed incompetence and dereliction of duty. The plaintiff disputed the defendant's allegations regarding incompetence. However, the plaintiff did not contest the dismissal as the leadership of the organization and school board failed to prevent gender based harassment, discrimination and retaliation towards the plaintiff due to her gender and racial background.

11. Approximately two days after the mediation, on June 12, 2019, two days before the plaintiff was to be dismissed by the school superintendent and school board, the assistant superintendent of human resources informed the plaintiff via an emailed letter that the organization was rescinding the termination despite their many claims of the charging parties incompetence and being unfit for the classroom setting. The plaintiff queried as to why there was such a rapid rescinding of the termination and was informed by the assistant superintendent of human resources that the plaintiff brought forth additional claims of sexual impropriety by her administrative supervisor that was never before brought to the defendant's attention.

12. The plaintiff contended that the information was a blatant fabrication as the plaintiff did not bring forth any additional allegation only the initial compliant submitted.

13. The assistant superintendent of the organization then proceeded to threaten the plaintiff with a resign with prejudice if the plaintiff did not resign the position in which she was to be terminated within two days on June 15, 2019. The plaintiff informed the leadership that this action consisted of retaliation as three days was not nearly enough time for the plaintiff to seek legal counsel regarding this matter as the action taken by the defendant (resigning with prejudice) would have prevented the plaintiff from seeking employment in any other school district. Due to the short time interval of the notification given to the plaintiff, the plaintiff did not resign by June 15, 2019 from employment with the defendant.

14. In mid-July, the plaintiff was provided a contract from the defendant which displayed the job location and assignment as the same one that she served in her temporary role and for which the defendant offered during mediation as they claimed she provided an unsafe environment for students presenting with significant disabilities and was duly incompetent and unfit for the classroom.

15. Therefore, under the reasonable assumption that this is the role that the plaintiff was to return to she signed the contract. At the mediation, while both parties were separated, the rationale given by the mediator, was that the plaintiff was no longer suitable for the classroom since they had previously (for the sole purpose of retaliation) claimed that the plaintiff did not provide a safe environment for students, was unprofessional, and did not need to be in the classroom setting for their organization.

16. The plaintiff and the defendant received notification from the EEOC on August 5, 2019 that the EEOC had dismissed the charge and issued a notice of a right to sue. Approximately less than a week and a half later, on the day in which the plaintiff was to report to work, in a clear and direct retaliative act for having filed a charge with the EEOC, the defendant transferred the plaintiff to a position where the plaintiff would not be able to pick up her child from school, placed in a school with an over 95 percent minority student population (after having claimed that the plaintiff was incompetent and

derelict in duty, the plaintiff was placed in a school representative of the county's most vulnerable and disadvantaged students in yet another example of their disregard for minority persons including children.

17. In an even more egregious attack on the plaintiff after receiving threatening emails from their human resources department when she sought to explain why she could not work that position due to her child's schedule and the extreme retaliation received by switching her position on the day she was to begin work on the advice of representative counsel from the employees teacher union in which they cited law that if the plaintiff did not report she would not be able to work a teaching job again (the plaintiff's profession) not to mention the inability to receive unemployment etc., the plaintiff reported to work at the new location with detrimental and extremely harmful results as the plaintiff's child was left at the bus stop on occasions with no adult supervision and placed in yet another hostile environment.

18. Henceforth, in yet another act of clear and direct discrimination by the school system and its leadership, when the plaintiff informed the superintendent and other relevant leadership members of the school system regarding what happened to her child, the plaintiff received no response. Thus, not only was the plaintiff retaliated and discriminated against due to her racial background, so was her child by the defendant. The plaintiff fully acknowledges that had she and her child are of a minority background and the actions taken by the defendant caused significant harm to the plaintiff and her African American son who has now been permanently psychologically harmed.

19. Finally, after again having to email the relevant leadership parties of the detrimental harm to the plaintiff and her child as well as the minority students of the school, the plaintiff was promptly placed on administrative leave on August 30, 2019 and told that an objective investigation would commence. On November 15, 2019, the plaintiff was emailed the findings of the investigation in which a paid investigator for the school system conveniently absolved the defendant of any wrongdoings after the window

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

of the prior charge was complete. In his written findings, counsel paid for by the school system claimed that the school system took no adverse action towards the plaintiff and that the person who was responsible for the placement was unaware that the plaintiff had engaged in any protected activity. The plaintiff notes that the party was her direct supervisor and was aware of the fact that she had a child and the harm that would commence to the child and the plaintiff if the plaintiff were aware of a job change and location change on the day she was to report to duty only days after the EEOC issued a dismissal of the prior EEOC case.

20.    The plaintiff responded to the investigator and paid counsel for the school system to inform them that the individual responsible for the transfer on the day the plaintiff was to report to work was indeed her direct supervisor and had in fact reminded the plaintiff of the mediation that took place on June 10, 2019. Furthermore, the individual responsible for the transfer was also responsible for approving all time off requests by the plaintiff that included the day of the mediation. When asked for the backend report to provide the information in this charge, the plaintiff received no response from either counsel.

21.    This charge is being submitted to the court at this time due to consistent discriminative and retaliative actions taken by the defendant towards the plaintiff that were extremely harmful and detrimental to the plaintiff and her child. The defendant's high level of racial animus towards the plaintiff via consistent retaliative and threatening actions and the neglect of minority children and students has created an environment that is both degrading and deleterious towards the plaintiff due to her race and gender. Additionally, the defendant's high level of discrimination has festered to such a degree that the the plaintiff's child school also left him at the bus on other occasions.

22.    At this time, the plaintiff continues to experience significant retaliation, harassment and discrimination and the aforementioned EEOC charge is in appeal status. This is an action for relief from employment discrimination in violation of Title VII of

the Civil Rights Act of 1964, *as amended* ("Title VII")

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

**A.** It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct on December 2, 2019.

**B.** The Equal Employment Opportunity Commission has issued a Notice of Right to Sue letter, which I received on September 26, 2020.

## V. RELIEF
## CLAIM FOR RELIEF

Retaliation Discrimination in Violation of
Title VII of the Civil Rights Act of 1964, *as amended*,
42 U.S.C. § 2000E2-17

23. Plaintiff incorporates by reference as fully set forth herein the allegations contained in paragraphs above.

24. Title VII, 42 U.S.C. § 2000E, prohibits employment practices that discriminate against persons on the basis of their race, gender and for discrimination when making charges. Plaintiffs is informed and believed that the malicious intent of the actions will continue to result in the need for compensatory and punitive damages in an amount to be proven at trial. The defendant persisted in systemic emotional and psychological injury to the plaintiff and the plaintiff's minor child as described in the aforementioned paragraphs herein.

25. The plaintiff will demonstrate at trial the defendant's refusal to take corrective action and consistent retaliation against the plaintiff resulted in avoidable emotional injuries and psychological damage to the plaintiff and the

plaintiff's minor child.

26. Defendants' unlawful actions were intentional, willful, malicious, and done with reckless disregard to Plaintiffs' right to seek remedy from employment discrimination in which a minor child was also severely affected.

27. Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

## DECLARATORY RELIEF ALLEGATIONS

28. Plaintiff contends that Defendants violated her rights under Title VII. Plaintiff is informed and believe and thereon allege that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

29. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF ALLEGATIONS

30. No plain, adequate, or complete remedy at law is available to Plaintiffs to redress the wrongs addressed herein to the plaintiff and her minor child. Therefore, full injunctive relief is sought by the plaintiff in the amount determined at trial for compensatory and punitive damages.

31. If this Court does not grant the injunctive relief sought herein, Plaintiff and her minor child will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For lost wages and all other compensation denied or lost to Plaintiffs by reason of Defendants' unlawful actions, in an amount to be proven at trial;

2. For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

3. For punitive damages in an amount to be determined at trial;

4. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

5. For reasonable attorneys' fees and costs.

6. For such other and further relief as this Court deems just and proper.

## VI. CERTIFICATION AND CLOSING

Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. For Parties Without an Attorney I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: December 15, 2020                    Respectfully submitted,

Victoria Collins

By: _____
VICTORIA COLLINS

Pro Se Counsel

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all causes of action and claims to which she has a right to a jury trial.

Dated: December 15, 2020            Respectfully submitted

By: _____
VICTORIA COLLINS

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
___Alexandria___ DIVISION

___Victoria Collins___
Plaintiff(s),

v.

Civil Action Number: _____

___Fairfax County Public Schools___
Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** ___Complaint___.
(Title of Document)

___Victoria Collins___
Name of *Pro Se* Party (Print or Type)

___Victoria Collins___
Signature of *Pro Se* Party

Executed on: ___12/15/20___ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_Alexandria_ DIVISION

_Victoria Collins_
Plaintiff(s),

v.

Civil Action Number: **1:20-cv-1538**

_Fairfax County Public Schools_
Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of _Complaint_.
(Title of Document)

_Victoria Collins_
Name of *Pro Se* Party (Print or Type)

_/s/ Victoria Collins_
Signature of *Pro Se* Party

Executed on: _12/15/20_ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)